UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA RICCOBENE )
    Plaintiff )
 )
v. ) C.A. No. _____
 )
MASSACHUSETTS BAY ) 04 10256 MEL
TRANSPORTATION AUTHORITY )
And )
ANNE McCALL )
    Defendants ) MAGISTRATE JUDGE Dein
 )

COMPLAINT AND DEMAND FOR JURY TRIAL

RECEIPT # 53610
AMOUNT $ 150-00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ____
MCF ISSUED ____
BY DPTY CLERK CMC
DATE 2-6-04

### Introduction

1. This is an action under MGL Chapter 151B, 42 USC Section 2000e, 42 USC Section 1983, 29 U.S. Code section 201 et seq., MGL Chapter 151, and MGL Chapter 12 Section 11, for unlawful discrimination based upon national origin, unlawful discrimination based upon sex, illegal retaliation, interference with protected rights and overtime pay violations. The action is brought by Plaintiff Lisa Riccobene, a female of Italian ancestry who worked for the Massachusetts Bay Transportation Authority ("MBTA") as Executive Assistant to the MBTA Chief of Police. Anne McCall ("McCall") was a Deputy Chief of Police at the MBTA Police Department, and a supervisor and manager of the MBTA Police Department. Deputy McCall and other MBTA managers and supervisors engaged in the illegal practices alleged in this complaint.

### Jurisdiction and Venue

2. Jurisdiction over this matter lies in this Court pursuant to 42 USC Section 2000e-5, 28 USC Section 1343, and 28 USC Section 1367 (supplemental jurisdiction).

3. Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Boston, Suffolk County, Massachusetts. On information and belief, the employment records related to Plaintiff's employment with Defendant MBTA are also located within Boston, Suffolk County, Massachusetts.

4. On March 4, 2003 Ms. Riccobene filed a timely charge of discrimination on the basis of sex, national origin and retaliation with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission.

1

5. In October 2003, Ms. Riccobene requested that her charges of discrimination pending at the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission be withdrawn to allow her to file suit in court. Those requests have been granted. On November 7, 2003 a Right to Sue Letter was issued by the U.S. Equal Employment Opportunity Commission in this matter. The Right to Sue Letter was received by Ms. Riccobene on or after November 10, 2003. A copy of the Right to Sue Letter is appended to this Complaint. Plaintiff has exhausted her administrative remedies and has timely invoked the jurisdiction of this Court.

**The Parties**

6. Lisa Riccobene is a resident of Winthrop, Suffolk County, Massachusetts. She is a citizen of the United States. She is a female of Italian ancestry.

7. Defendant Massachusetts Bay Transportation Authority ("MBTA") is a political subdivision of the Commonwealth of Massachusetts pursuant to MGL Chapter 161A section 2, with a principal place of business in Boston, Suffolk County, Massachusetts. It was Plaintiff's "employer" within the meaning of MGL Chapter 151B section 5, and a "person" within the meaning of MGL Chapter 151B section 4. At all times relevant to this Complaint, it was Plaintiff's employer within the meaning of 42 USC Section 2000e, was engaged in an industry affecting commerce within the meaning of 42 USC Section 2000e, and in all other respects met all of the requirements for coverage under 42 USC Section 2000e. It is responsible for the illegal actions of Defendant Anne McCall set forth herein.

8. Defendant Anne McCall is an individual residing in East Walpole, Massachusetts. At all times relevant to this Complaint, she was a Deputy Chief of the MBTA Police Department, was one of the supervisors and managers of the MBTA Police Department, and engaged in all of the illegal and discriminatory actions alleged in this Complaint. Ms. McCall is sued in her individual capacity.

9. At all times relevant to this Complaint, Plaintiff performed her job in a satisfactory manner.

**Factual Background**

10. In March of 2000, Ms. Riccobene started working as the Executive Assistant to the MBTA Chief of Police, Thomas O'Loughlin. Ms. Riccobene was subjected to some degree of improper treatment since at least early 2002, and even before that. However, the improper treatment of Ms. Riccobene greatly accelerated in June 2002, once it became clear that Chief O'Loughlin would be leaving the MBTA, and after Ms. Riccobene provided truthful evidence supporting the discrimination claims of MBTA

2

Police Officer Helder Peixoto against Deputy Chief Anne McCall. After June 2002, the illegal treatment of Ms. Riccobene increased dramatically.

11. The discriminatory and retaliatory conduct which Ms. Riccobene was subjected to included the following:

A. Deputy McCall insulted Ms. Riccobene in front of coworkers, calling her a "fucking secretary." Deputy McCall also engaged in ethnic name-calling and harassment of Ms. Riccobene, calling her a "Mafia Princess" a number of times. Deputy McCall exhibited discriminatory animus and hostility to Ms. Riccobene on many occasions.

B. On several occasions, Ms. Riccobene's car was seriously vandalized at work.

C. Ms. Riccobene is Italian-American. On many occasions, she was called a "Guinea," and was told that she was a "fat guinea who threw wine bottles at her boyfriend."

D. When Ms. Riccobene went on vacation in 2002, her computer was so badly "hacked" that it had to be replaced.

E. Ms. Riccobene's boyfriend, an MBTA police officer, was moved to a less desirable assignment than the one he had previously worked on.

F. Ms. Riccobene's cellphone was stolen at work.

G. Demeaning and derogatory sexual remarks were made about Ms. Riccobene on an Internet site which contained derogatory remarks about a number of MBTA command officials. The site was clearly created by a member of the MBTA police department. The remarks about Ms. Riccobene constituted sexual harassment and national origin harassment. Of note with regard to the Internet site, is the fact that although the site was extremely critical and abusive of former Chief Thomas O'Loughlin, Ms. Riccobene and other MBTA officials, it was complementary regarding only one MBTA employee, Deputy McCall.

H. A threatening note was placed on Ms. Riccobene's desk at work.

I. Former MBTA Police Chief William Fleming told Ms. Riccobene, after taking office, that she was "not safe" in the MBTA police headquarters building, that "they are out to get you," and that he "could not protect" her. Chief Fleming removed Ms. Riccobene from her job as Executive Assistant, and replaced her with a bargaining unit employee. Ms. Riccobene was moved from headquarters in Boston to a position in Quincy Center, and then was moved back to headquarters.

J. Ms. Riccobene was initially reassigned to a Deputy Chief (Deputy Mahoney), who Chief Fleming knew had refused to speak with Ms. Riccobene for six months, and who had said that he would "get" Ms. Riccobene. Chief Fleming told Ms. Riccobene that he

did not care what her work for Deputy Mahoney would be, and that she was to sit outside his office and "do nothing." Ms. Riccobene was then assigned to be supervised by Janet Riviera Jones, a civilian who had previously been her peer.

K. Derogatory and discriminatory statements about Ms. Riccobene were made over the police department's electronic paging system, humiliating Ms. Riccobene in front of many officers. Nothing was done to stop that.

L. Ms. Riccobene was retaliated against by Deputy McCall and others for assisting Officer Helder Peixoto in his discrimination and civil rights claims against the MBTA and Deputy McCall.

M. In June 2002, Ms. Riccobene witnessed an altercation between Officer Peixoto and Deputy McCall. Ms. Riccobene wrote a truthful statement about the incident, and sent the statement to former MBTA Police Superintendent Komola. The statement was not favorable to Deputy McCall. After that, Deputy McCall retaliated against Ms. Riccobene in a variety of ways.

N. On September 26, 2002, Ms. Riccobene was called by the MBTA to testify at Officer Peixoto's workers compensation hearing. Ms. Riccobene testified truthfully at the hearing. Once again, Ms. Riccobene's testimony was not favorable to Deputy McCall. At the hearing, the MBTA's attorney called Ms. Riccobene a liar. The very next day, an MBTA Sergeant came to Ms. Riccobene's home, and delivered a letter to her stating that she had been improperly utilizing compensatory time she had earned. The compensatory time policy was applied differently to Ms. Riccobene than it had been applied to anyone else.

O. Ms. Riccobene submitted a timesheet for the time she spent attending Officer Peixoto's hearing at the request of the MBTA. Subsequently, Deputy McCall asked to see that particular timesheet.

P. In October 2002, Officer Peixoto's attorney sent a letter to the MBTA's counsel regarding Officer Peixoto's claims. The day after this letter was received by the MBTA's counsel, Ms. Riccobene was told that she could no longer use her compensatory time, and that nine days of compensatory time she had earned were being taken away from her. The sole reason this action was taken was retaliation against Ms. Riccobene for having supported Officer Peixoto in his civil rights claims.

Q. Deputy McCall has took inappropriate steps to prevent Ms. Riccobene from obtaining other jobs within the MBTA.

4

12. On November 20, 2002, Ms. Riccobene's employment with the MBTA was terminated. Ms. Riccobene was told that the reason for her termination was an economic layoff. This was a false reason given for the termination of Ms. Riccobene's employment, and was merely a pretext for the discriminatory, retaliatory and illegal nature of the termination of her employment. In addition to the various actions of the MBTA listed above which prove illegal animus against Ms. Riccobene, it is noted that Ms. Riccobene was selected for layoff rather than other civilian employees with significantly less seniority than she had. Ms. Riccobene was even selected for layoff instead of another civilian employee with less seniority as well as a record of serious misconduct. Various statements the MBTA has made about the layoff are false. Ms. Riccobene was selected for layoff due to her national origin, due to her sex, and because she had engaged in protected activities.

13. The MBTA is fully responsible for the actions of Chief Fleming and Deputy McCall set forth in this complaint.

14. By the actions set forth above, the MBTA has engaged in discrimination, sexual harassment and retaliation against Ms. Riccobene, and denial of her civil rights. The MBTA has also failed to adequately investigate or stop the illegal actions against Ms. Riccobene, as it is obligated to do under relevant statutes. The discrimination and retaliation Ms. Riccobene complains of, appears to have been sanctioned and directed by individuals on the MBTA Police Department command staff. All of this was done in order to drive Ms. Riccobene out of the MBTA Police Department. Ms. Riccobene's termination was the culmination of this illegal campaign against her.

15. From March 2000 through July 31, 2002, Ms. Ricobene worked approximately at least 640 hours of overtime for which she was not paid 1.5 times her hourly rate of pay (although she was granted "compensatory time"). During the time that she performed this work, Ms. Riccobene was not exempt from either the Fair Labor Standards Act or the overtime provisions of MGL Chapter 151. Ms. Riccobene should have been paid overtime for these hours worked. The failure to pay her overtime for these hours was intentional, willful and knowing. In relation to her overtime claims, Ms. Riccobene filed a claim with the office of the Attorney General of Massachusetts. Ms. Riccobene then requested that she be allowed to pursue her overtime claims in court. The Attorney General's Office granted Ms. Riccobene's request to pursue a private right of action in relation to her overtime claims. Ms. Riccobene has therefore exhausted her administrative remedies in relation to her overtime claims, and has properly and timely invoked the jurisdiction of this court in relation to those claims.

16. The actions of the MBTA and Deputy McCall set forth above were willful, intentional and knowing.

17. The MBTA failed to effectively and adequately remedy the discrimination and retaliation suffered by Ms. Riccobene. The MBTA failed to adequately investigate or to stop the discrimination and retaliation being suffered by Ms. Riccobene.

18. As a direct and proximate result of the MBTA's and McCall's illegal, discriminatory and retaliatory actions toward her as alleged in this Complaint, Ms. Riccobene has suffered, and will continue to suffer, severe emotional and financial harm.

### Count I-Against MBTA and McCall for Discrimination on the Basis of National Origin in Violation of MGL Chapter 151B

19. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-18 above.

20. By their actions set forth above, Defendants MBTA and McCall have engaged in discrimination against Lisa Riccobene on the basis of national origin, in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendants MBTA and McCall, jointly and severally, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count II-Against MBTA for Discrimination on the Basis of National Origin in Violation of 42 USC Section 2000e

21. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-20 above.

22. By their actions set forth above, Defendants MBTA and McCall have engaged in discrimination against Lisa Riccobene on the basis of national origin, in violation of 42 USC Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant MBTA, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count III-Against MBTA and McCall for Discrimination on the Basis of Sex in Violation of MGL Chapter 151B

23. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-22 above.

24. By their actions set forth above, Defendants MBTA and McCall have engaged in discrimination against Lisa Riccobene on the basis of sex, in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendants MBTA and McCall, jointly and severally, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count IV-Against MBTA for Discrimination on the Basis of Sex in Violation of 42 USC Section 2000e

25. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-24 above.

26. By their actions set forth above, Defendants MBTA and McCall have engaged in discrimination against Lisa Riccobene on the basis of sex, in violation of 42 USC Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant MBTA, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count V-Against MBTA and McCall for Retaliation in Violation of MGL Chapter 151B

27. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-26 above.

28. In relation to her actions set forth above, Lisa Riccobene believed in good faith that the MBTA and Deputy McCall had engaged in wrongful discrimination and retaliation against Officer Peixoto.

29. In taking the actions referred to above, Lisa Riccobene engaged in protected activity pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e. As a result of engaging in protected activity she suffered an adverse action which was causally related to her having engaged in protected activity.

30. In taking the actions referred to above, Lisa Riccobene was opposing practices prohibited by MGL Chapter 151B and 42 U.S. Code section 2000e, and has assisted

another person in asserting their rights under MGL Chapter 151B and 42 U.S. Code section 2000e.

31. Through their actions set forth above, Defendants have coerced, intimidated, threatened and interfered with Lisa Riccobene in relation to her exercise and enjoyment of her rights granted pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e, and have done so for her having aided and encouraged another person in his exercise and enjoyment of rights granted pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e.

32. The actions taken by Defendants of which Lisa Riccobene complains, were taken against Lisa Riccobene due to her opposition to practices forbidden by MGL Chapter 151B and 42 U.S. Code section 2000e.

33. By their actions set forth above, Defendants MBTA and McCall have engaged in unlawful retaliation against Lisa Riccobene and have interfered with Lisa Riccobene's exercise of her protected rights, in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendants MBTA and McCall, jointly and severally, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count VI-Against MBTA for Retaliation in Violation of 42 USC Section 2000e

34. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-33 above.

35. In relation to her actions set forth above, Lisa Riccobene believed in good faith that the MBTA and Deputy McCall had engaged in wrongful discrimination and retaliation against Officer Peixoto.

36. In taking the actions referred to above, Lisa Riccobene engaged in protected activity pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e. As a result of engaging in protected activity she suffered an adverse action which was causally related to her having engaged in protected activity.

37. In taking the actions referred to above, Lisa Riccobene was opposing practices prohibited by MGL Chapter 151B and 42 U.S. Code section 2000e, and has assisted another person in asserting their rights under MGL Chapter 151B and 42 U.S. Code section 2000e.

38. Through their actions set forth above, Defendants have coerced, intimidated,

threatened and interfered with Lisa Riccobene in relation to her exercise and enjoyment of her rights granted pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e, and have done so for her having aided and encouraged another person in his exercise and enjoyment of rights granted pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e.

39. The actions taken by Defendants of which Lisa Riccobene complains, were taken against Lisa Riccobene due to her opposition to practices forbidden by MGL Chapter 151B and 42 U.S. Code section 2000e.

40. By their actions set forth above, Defendants MBTA and McCall have engaged in unlawful retaliation against Lisa Riccobene and have interfered with Lisa Riccobene's exercise of her protected rights, in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant MBTA, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count VII-Against McCall for Violation of 42 USC Section 1983

41. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-40 above.

42. In relation to the illegal and discriminatory actions set forth above which were taken in her position as a supervisor and one of the MBTA Police Department's managers, Defendant McCall was acting under color of state law in depriving Plaintiff of her rights under federal law to be free of discrimination due to national origin and sex, and to be free of retaliation for having engaged in protected activity. Defendant McCall's actions in violation of 42 USC Section 1983 set forth herein, have caused injury to Plaintiff, in the form of serious and severe financial and emotional damages. McCall engaged in a consistent pattern of retaliatory against Ms. Riccobene.

43. Defendant McCall's actions in violation of 42 USC Section 1983 set forth herein, were done intentionally, knowingly and willfully, with knowledge of their wrongfulness. Defendant McCall is directly and personally responsible for her unlawful conduct, and was personally involved in committing the unlawful conduct.

44. By her actions set forth herein, Defendant McCall has, while acting under color of state law, deprived Plaintiff of her rights and privileges under federal laws, in violation of 42 USC Section 1983.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant McCall, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count VIII-Against McCall for Violation of MGL Chapter 12 section 11

45. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-44 above.

46. In relation to the illegal and retaliatory actions set forth above which were taken in her position as Deputy Chief of the MBTA Police Department, Defendant McCall was acting under color of state law in depriving Plaintiff of her rights under state and federal law to be free of retaliation for having engaged in protected activities. Defendant McCall's actions in violation of MGL Chapter 12 section 11H set forth herein, have caused injury to Plaintiff, in the form of financial and emotional damages. By her actions, Defendant McCall has attempted to interfere by threats, intimidation and coercion with Plaintiff's rights under federal and state law, in violation of MGL Chapter 12 sections 11I and 11H.

47. By her actions set forth above, Defendant McCall engaged in a course of conduct designed to harass, humiliate and frustrate Plaintiff in the performance of her duties, in a deliberate and calculated effort to force her to resign her employment. By attempting to get Plaintiff to resign from her job and thus give up her right to work free from discrimination and retaliation through her threats, intimidation and coercion, Defendant McCall has attempted to interfere by threats, intimidation and coercion with Plaintiff's rights under federal and state law, in violation of MGL Chapter 12 sections 11I and 11H. Defendant McCall's actions in violation of MGL Chapter 12 sections 11I and 11H set forth herein, have caused injury to Plaintiff, in the form of serious and severe financial and emotional damages.

48. Defendant McCall's actions in violation of MGL Chapter 12 sections 11I and 11H set forth herein, were done intentionally, knowingly and willfully, with knowledge of their wrongfulness. Defendant McCall is directly and personally responsible for her unlawful conduct, and was personally involved in committing the unlawful conduct.

49. By her actions set forth herein, Defendant McCall has, while acting under color of state law, attempted though threats, intimidation and coercion to deprive Plaintiff of her rights and privileges under state and federal laws, in violation of MGL Chapter 12 sections 11I and 11H.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant McCall, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

**Count IX-Against MBTA for Failure to Pay Overtime Pursuant to MGL Chapter 151 and Fair labor Standards Act**

50. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-49 above.

51. The MBTA is an employer subject to the overtime pay provisions of MGL Chapter 151 and the Fair Labor Standards Act, 29 U. S. Code section 201 et seq.

52. During her employment by the MBTA, Ms. Riccobene was not exempt from the overtime pay provisions of MGL Chapter 151 and the Fair Labor Standards Act.

53. During her employment by the MBTA, Ms. Riccobene was entitled to be paid overtime pay at a rate one and one half times her regular rate of pay for hours she worked in a week in excess of 40 hours, pursuant to the overtime pay provisions of MGL Chapter 151 and the Fair Labor Standards Act.

54. During her employment by the MBTA, Ms. Riccobene worked in excess of 40 hours per week for many weeks up to and including July 31, 2002, but was improperly not paid for these overtime hours she worked, in violation of the overtime pay provisions of MGL Chapter 151 and the Fair Labor Standards Act. This failure to pay overtime pay to Ms. Riccobene was knowing, willful and intentional.

55. By failing to pay Ms. Riccobene overtime pay she had earned, the MBTA has violated its obligations to Ms. Riccobene under the overtime pay provisions of MGL Chapter 151 and the Fair Labor Standards Act. This violation has caused Ms. Riccobene to be harmed and to suffer damages.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant MBTA in an amount to be determined by this Court, plus liquidated and/or multiple damages, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### JURY TRIAL DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES AND COUNTS SO TRIABLE.

Lisa Riccobene
By her attorney,
MITCHELL J. NOTIS

_____
MITCHELL J. NOTIS          2/6/04
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
617-566-2700
BBO# 374360

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Lisa Riccobene<br>26 Johnson Avenue<br>Winthrop, MA 02152 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-01136 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Director

NOV 7 2003
(Date Mailed)

Enclosure(s)

cc: Chief Executive Officer
MBTA
Attn: Human Resources
10 Park Plaza
Boston, MA 02116

Mitchell Jay notis
Annenberg & Levine, LLC
Attorneys at Law
370 Washington Street
Brookline, Massachusetts 02446