UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA RICCOBENE,          )<br>          Plaintiff,          )<br>                              )<br>v.                              )<br>                              )<br>MASSACHUSETTS BAY          )<br>TRANSPORTATION AUTHORITY,  )<br>and ANNE McCALL,          )<br>          Defendants.          )<br>                              ) | C.A. No. 04-10256 MEL |

**ANSWER OF DEFENDANTS MASSACHUSETTS
BAY TRANSPORTATION AUTHORITY AND
ANNE McCALL TO COMPLAINT**

Defendants Massachusetts Bay Transportation Authority ("MBTA") and Anne McCall (collectively, "Defendants") respond to the Complaint filed by Lisa Riccobene ("plaintiff"), by corresponding paragraph number, as follows.

**Introduction**

1.      The first sentence of paragraph 1 of the complaint is a description of the causes of action for which no response is required; to the extent that a response is required, denied. Defendants admit that this action is brought by Lisa Riccobene and that she is a female, who for a certain period of time was employed by the MBTA as the Executive Assistant to an MBTA Chief of Police; defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the second sentence of paragraph 1. Defendants admit that for a certain period of time Anne McCall was a Deputy Chief of Police at the MBTA Police Department. Defendants deny the allegations in the fourth sentence of paragraph 1, pointing out that the phrase "other MBTA managers and supervisors" is vague and ambiguous.

**Jurisdiction and Venue**

2. The allegations set forth in paragraph 2 are descriptive of the plaintiff's basis for invoking the jurisdiction of this Court and advance a legal conclusion to which no response is required, and to the extent a response is required, denied.

3. The allegations in the first sentence of paragraph 3 are descriptive of plaintiff's basis for asserting that this Court is the proper venue for her claims and advance a legal conclusion to which no response is required, and to the extent that a response is required, denied; further answering, defendants deny committing any illegal employment practices. Defendants admit the second sentence of paragraph 3.

4. Defendants admit that at some point in time plaintiff filed charges of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and with the U.S. Equal Employment Opportunity Commission ("EEOC"); the remaining allegations in paragraph 4 advance a legal conclusion to which no response is required, and to the extent a response is required, denied.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of paragraph 5, except that defendants admit that a Right to Sue notice was appended to the complaint. The remaining allegations in paragraph 5 advance legal conclusions to which no response is required, and to the extent a response is required, denied.

**The Parties**

6. Defendants admit that plaintiff is a female, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7. Defendants admit that the MBTA is an authority of the Commonwealth of Massachusetts, established by Massachusetts G.L. c. 161A, § 2, and that the principal place of

business of the MBTA's administrative offices is located in Boston, Suffolk County, Massachusetts. The remaining allegations in paragraph 7 advance legal conclusions to which no response is required, to the extent that a response is required, denied; further answering, defendants point out that the phrase "at all relevant times" in the third sentence is vague and ambiguous.

8. Defendants admit the allegations in the first sentence of paragraph 8. Defendants further admit that McCall was a Deputy Chief of the MBTA Police Department and a supervisor and manager for a certain period of time, pointing out that the phrase "at all times relevant to this Complaint" is vague and ambiguous; defendants deny the remaining allegations in the second sentence of paragraph 8. The third sentence of paragraph 8 is a description of plaintiff's intent to sue Defendant McCall in her individual capacity, to which no response is required, and to the extent a response is required, denied.

9. Defendants deny the allegation in paragraph 9, pointing out that the phrases "at all relevant times" and "satisfactory manner" are vague and ambiguous.

**Factual Background**

10. Defendants admit that for some period of time plaintiff worked as the Executive Assistant to a former MBTA Chief of Police, Thomas O'Loughlin; defendants deny the remaining allegations in paragraph 10.

11. The allegations in paragraph 11 are introductory statements, for which no response is required; to the extent that a response is required, denied; further answering, defendants deny that they subjected plaintiff to discriminatory or retaliatory conduct.

A. Defendants deny the allegations in paragraph 11(A), pointing out that the phrase "on many occasions" is vague and ambiguous.

B.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11(B) of the complaint, pointing out that the phrases "on several occasions" and "seriously vandalized" are vague and ambiguous.

C.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11(C), pointing out that the phrase "on many occasions" in the second sentence is vague and ambiguous; further answering, defendants state that the allegations in paragraph 11(C) are also vague and ambiguous because plaintiff fails to identify the individuals who allegedly made the statements referenced in the paragraph.

D.     Defendants deny the allegation in paragraph 11(D), pointing out that the phrase "so badly 'hacked'" is vague and ambiguous.

E.     Defendants deny the allegations in paragraph 11(E), pointing out that the phrase "less desirable assignment" is vague and ambiguous.

F.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11(F).

G.     Defendants deny the allegations in the first sentence of paragraph 11(G), noting that any website postings speak for themselves and pointing out that the phrase "demeaning and derogatory sexual remarks" is vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 11(G). The allegations in the third sentence of paragraph 11(G) advance legal conclusions to which no response is required, and to the extent a response is required, denied. Defendants admit that certain Internet sites contained statements that were both complimentary and non-complimentary to various MBTA employees; further answering, defendants state that any postings on an Internet site speak for themselves.

H.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11(H), pointing out that the term "threatening" is vague and ambiguous.

I.      Defendants deny the allegations in paragraph 11(I), but admit that at a certain point in time, plaintiff ceased working as an Executive Assistant for the MBTA and that at a certain point in time, she was asked to work at the Quincy Center MBTA station.

J.      Defendants admit that Janet Riviera Jones is a civilian and that for a certain period of time she was assigned as plaintiff's supervisor; defendants deny the remaining allegations in paragraph 11(J).

K.      Defendants deny the allegations in paragraph 11(K), pointing out that the terms "derogatory" and "discriminatory" are vague and ambiguous.

L.      Defendants deny the allegations in paragraph 11(L), pointing out that the phrase "Deputy McCall and others" is vague and ambiguous because plaintiff has not identified the "others".

M.      Defendants admit that at a certain point in time, Defendant McCall had a verbal exchange with Officer Peixoto, but deny the allegations in the first sentence of paragraph 11(M), pointing out that the term "altercation" is vague and ambiguous. Defendants admit that plaintiff wrote a statement about a verbal exchange between Defendant McCall and Officer Peixoto she allegedly witnessed and that the statement was sent to Police Superintendent Komola; defendants deny the remaining allegations in the second sentence of paragraph 11(M). Defendants deny the allegations in the third sentence of paragraph 11(M), pointing out that the written statement speaks for itself. Defendants deny the allegations in the fourth sentence of paragraph 11(M).

N.      Defendants deny the allegations in paragraph 11(N), except that defendants admit that (1) at some point in time, plaintiff attended a meeting regarding a worker's compensation

5

claim filed by Officer Peixoto, (2) an MBTA lawyer questioned plaintiff about discrepancies in her account of the worker's compensation claim, and (3) that at some point in time plaintiff was notified in writing that she had been improperly utilizing compensatory time.

  O. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11(O), but admit that Deputy McCall reviewed a timesheet submitted by plaintiff for the day referenced.

  P. Defendants deny the allegations in paragraph 11(P) but admit that at some point in time counsel for the MBTA received a letter from Peixoto's attorney and that at some point in time plaintiff was notified in writing that she was utilizing compensatory time improperly, which document speaks for itself.

  Q. Defendants deny the allegations in paragraph 11(Q).

  12. Defendants deny the allegations of paragraph 12 as written, but admit that at some point in time, plaintiff was laid off from her job as part of an MBTA-wide reduction in force.

  13. The allegations in paragraph 13 are legal conclusions for which no response is required, to the extent a response is required, denied; further answering, defendants point out that the term "Chief Fleming" is vague and ambiguous because plaintiff does not allege that Fleming committed any unlawful acts.

  14. Defendant MBTA denies the allegations in paragraph 14. Defendant McCall neither admits nor denies the allegations of paragraph 14 as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

  15. Defendant MBTA admits that plaintiff was granted compensatory time, but denies the remaining allegations in the first sentence of paragraph 15. Defendant MBTA denies the allegations in the second, third and forth sentences of paragraph 15. Defendant MBTA is without knowledge or information sufficient to form a belief as to the truth of the allegations in

the fifth and sixth sentences of paragraph 15. The allegations set forth in the seventh and eighth sentences of paragraph 15 are descriptive of the plaintiff's basis for invoking the jurisdiction of this Court and advance legal conclusions to which no response is required, and to the extent a response is required the allegations are denied; further answering, Defendant MBTA points out that the terms "properly" and "timely" in the eighth sentence are vague and ambiguous. Defendant McCall neither admits nor denies the allegations of paragraph 15 as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

16. Defendants deny the allegations in paragraph 16.

17. The MBTA denies the allegations in paragraph 17. Defendant McCall neither admits nor denies the allegations of paragraph 17 as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

18. Defendants deny the allegations in paragraph 18.

**Count I – Against MBTA and McCall for Discrimination on the Basis of National Origin in Violation of MGL Chapter 151B**

19. Defendants repeat and incorporate their answers to paragraphs 1 to 18, above, as if fully set forth herein.

20. Defendants deny the allegations in paragraph 20.

The next paragraph of plaintiff's complaint concerns her prayer for relief, for which no response is required; to the extent any response is appropriate, defendants deny that plaintiff is entitled to any of the relief requested.

**Count II – Against MBTA for Discrimination on the Basis of National Origin in Violation of 42 USC Section 2000e**

21. Defendants repeat and incorporate their answers to paragraphs 1 to 20, above, as if fully set forth herein.

22. Defendants deny the allegations in paragraph 22.

The next paragraph of plaintiff's complaint concerns her prayer for relief, for which no response is required; to the extent any response is appropriate, Defendant MBTA denies that plaintiff is entitled to any of the relief requested. Defendant Anne McCall neither admits nor denies the allegations of this paragraph as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

**Count III – Against MBTA and McCall for Discrimination on the Basis of Sex in Violation of MGL Chapter 151B**

23. Defendants repeat and incorporate their answers to paragraphs 1 to 22, above, as if fully set forth herein.

24. Defendants deny the allegations in paragraph 24.

The next paragraph of plaintiff's complaint concerns her prayer for relief, for which no response is required; to the extent any response is appropriate, defendants deny that plaintiff is entitled to any of the relief requested.

**Count IV – Against MBTA for Discrimination on the Basis of Sex in Violation of 42 USC Section 2000e**

25. Defendants repeat and incorporate their answers to paragraphs 1 to 24, above, as if fully set forth herein.

26. Defendants deny the allegations in paragraph 26.

The next paragraph of plaintiff's complaint concerns her prayer for relief, for which no response is required; to the extent any response is appropriate, Defendant MBTA denies that plaintiff is entitled to any of the relief requested; Defendant Anne McCall neither admits nor denies the allegations of this paragraph as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

**Count V – Against MBTA and McCall for Retaliation in Violation of MGL Chapter 151B**

27. Defendants repeat and incorporate their answers to paragraphs 1 to 26, above, as if fully set forth herein.

28. Defendants deny the allegations in paragraph 28.

29. The allegations in the first sentence of paragraph 29 advance legal conclusions for which no response is required, and to the extent a response is required, denied. Defendants deny the allegations in the second sentence of paragraph 29.

30. The allegations in paragraph 30 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

31. The allegations in paragraph 31 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

32. The allegations in paragraph 32 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

33. The allegations in paragraph 33 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count VI – Against MBTA for Retaliation in Violation of 42 USC Section 2000e**

34. Defendants repeat and incorporate their answers to paragraphs 1 to 33, above, as if fully set forth herein.

35. Defendants deny the allegations in paragraph 35.

36. The allegations in the first sentence of paragraph 36 advance legal conclusions for which no response is required, and to the extent a response is required, denied. Defendants deny the allegations in the second sentence of paragraph 36.

37. The allegations in paragraph 37 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

38. The allegations in paragraph 38 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

39. The allegations in paragraph 39 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

40. The allegations in paragraph 40 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief against Defendant MBTA, for which no response is required; to the extent any response is appropriate, denied; Defendant Anne McCall neither admits nor denies the allegations of this paragraph as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

**Count VII – Against McCall for Violation of 42 USC Section 1983**

41. Defendants repeat and incorporate their answers to paragraphs 1 to 40, above, as if fully set forth herein

42. The allegations in paragraph 42 advance legal conclusions and state plaintiff's alleged damages, for which no response is required, and to the extent a response is required, denied.

43. The allegations in paragraph 43 advance legal conclusions for which no response is required, and to the extent a response is required, denied; further answering, defendants state that McCall did not engage in any unlawful conduct in relation to plaintiff.

44. The allegations in paragraph 44 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief against McCall, for which no response is required; to the extent any response is appropriate, denied; Defendant MBTA neither admits nor denies the allegations of this paragraph as the allegations are not directed to it; to the extent the allegations are directed to Defendant MBTA, denied.

**Count VIII – Against McCall for Violation of MGL Chapter 12 section 11**

45.     Defendants repeat and incorporate their answers to paragraphs 1 to 44, above, as if fully set forth herein

46.     The allegations in paragraph 46 advance legal conclusions for which no response is required, and to the extent a response is required, Defendant McCall denies the allegations; Defendant MBTA neither admits nor denies the allegations of paragraph 46 as the allegations are not directed to it; to the extent the allegations are directed to Defendant MBTA, denied.

47.     The allegations in paragraph 47 advance legal conclusions for which no response is required, and to the extent a response is required, Defendant McCall denies the allegations; Defendant MBTA neither admits nor denies the allegations of this paragraph as the allegations are not directed to it; to the extent the allegations are directed to the MBTA, denied.

48.     Defendant McCall denies the allegations in paragraph 48; Defendant MBTA neither admits nor denies the allegations of this paragraph as the allegations are not directed to it; to the extent the allegations are directed to Defendant MBTA, denied.

49.     The allegations in paragraph 49 advance legal conclusions for which no response is required, and to the extent a response is required, Defendant McCall denies the allegations; Defendant MBTA neither admits nor denies the allegations of this paragraph as the allegations are not directed to it; to the extent the allegations are directed to Defendant MBTA, denied. The next paragraph of plaintiff's complaint concerns her prayer for relief against Defendant McCall, for which no response is required; to the extent any response is appropriate, denied;

Defendant MBTA neither admits nor denies the allegations of this paragraph as the allegations are not directed to it; to the extent the allegations are directed to Defendant MBTA, denied.

**Count IX – Against MBTA for Failure to Pay Overtime Pursuant to MGL Chapter 151 and Fair Labor Standards Act**

50.     Defendants repeat and incorporate their answers to paragraphs 1 to 49, above, as if fully set forth herein

51.     The allegations in paragraph 51 advance legal conclusions to which no response is required, and to the extent a response is required, denied.

52.     The allegations in paragraph 52 advance legal conclusions to which no response is required, and to the extent a response is required, denied.

53.     The allegations in paragraph 53 advance legal conclusions to which no response is required, and to the extent a response is required, Defendant MBTA denies the allegations; Defendant McCall neither admits nor denies the allegations of paragraph 53 as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

54.     The allegations in paragraph 54 advance legal conclusions, to which no response is required, and to the extent a response is required, denied; further answering, defendants state that plaintiff was paid all wages she was due.

55.     The allegations in paragraph 55 advance legal conclusions to which no response is required, and to the extent a response is required, denied.  Further answering, Defendant MBTA states that plaintiff was paid all wages she was due.  Defendant Anne McCall neither admits nor denies the allegations of this paragraph as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief against Defendant MBTA, for which no response is required; to the extent any response is appropriate,

denied; Defendant McCall neither admits nor denies the allegations of this paragraph as the allegations are not directed to her; to the extent the allegations are directed to her, denied.

### DEMAND FOR JURY TRIAL

Defendants request a trial by jury on all counts of plaintiffs' complaint so triable.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

The Complaint is barred, wholly or in part, by the applicable statutes of limitations.

#### Third Affirmative Defense

The Complaint is barred, wholly or in part, by the doctrine of laches.

#### Fourth Affirmative Defense

Plaintiff's claim under 42 U.S.C. §1983 against Defendant McCall is barred because plaintiff's exclusive federal remedy is a claim under Title VII.

#### Fifth Affirmative Defense

Defendant McCall is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because she did not violate any of plaintiff's clearly established statutory or constitutional rights.

#### Sixth Affirmative Defense

Defendant McCall is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because all of her actions were objectively reasonable.

### Seventh Affirmative Defense

Defendant McCall is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because a reasonable police officer in her position would not have believed that Defendant McCall's actions violated any of plaintiff's clearly established rights.

### Eighth Affirmative Defense

Defendant McCall is not liable for violations of the Massachusetts Civil Rights Act because G.L. c. 151B is plaintiff's exclusive state law remedy for alleged discrimination.

### Ninth Affirmative Defense

The MBTA is not liable to plaintiff for punitive damages because it made good-faith efforts to comply with all anti-discrimination laws by establishing and following anti-discrimination policies and procedures.

### Tenth Affirmative Defense

Plaintiff cannot recover punitive damages against the MBTA because it is considered a municipality.

### Eleventh Affirmative Defense

Plaintiff's complaint is barred, wholly or in part, by her failure to pursue and exhaust all required administrative remedies in a timely and proper manner.

### Twelfth Affirmative Defense

Plaintiff cannot recover damages against the MBTA on her discrimination claims because the MBTA took all reasonable measures to prevent, investigate, and remediate any matter brought to its attention.

**Thirteenth Affirmative Defense**

Plaintiff is not entitled to damages on her discrimination claims because she unreasonably failed to take advantage of the preventative and corrective opportunities provided by the MBTA.

**Fourteenth Affirmative Defense**

Plaintiff failed to mitigate her damages.

Defendants reserve the right to amend their Answer and add additional affirmative defenses as discovery and investigation may warrant.

**WHEREFORE**, Defendants MBTA and McCall ask this Court to dismiss this action in its entirety and enter judgment, with costs and attorneys' fees, for the defendants together with such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY and ANNE McCALL,

By Their Attorneys,

_____
Walter B. Prince (BBO #406640)
Laurie F. Rubin (BBO #564947)
Joseph L. Edwards, Jr. (BBO #564288)
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000

Dated:  July 16, 2004