UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA RICCOBENE,<br>      Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>and ANNE McCALL,<br>      Defendants. | )<br>)<br>)<br>)   C.A. No. 04-10256 MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER
RESPECTING CONFIDENTIAL INFORMATION**

1.  This Stipulated Protective Order Respecting Confidential Information ("Protective Order") shall govern the treatment and handling of documents or other products of discovery produced by the parties, or information derived therefrom, and all copies, excerpts or summaries thereof including (without limitations) answers to requests for admissions, answers to interrogatories, documents produced during initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), documents produced pursuant to a demand for documents, documents subpoenaed in connection with depositions, and deposition transcripts.

2.  The term "Confidential Information" as used in this order shall mean all information designated as such under this Stipulated Protective Order by any party. Information may be designated hereunder as confidential if a party in good faith believes it to be confidential. For purposes of this Agreement, Confidential Information may include, but is not limited to, the following subjects: employee personnel information, psychiatric or medical records of any party or witness, sensitive information related to the law enforcement efforts and/or strategies of the Massachusetts Bay Transportation

Authority Police Department, and any other confidential, financial, proprietary, or other sensitive business and personal information of the Massachusetts Bay Transportation Authority.  Confidential Information may include all documents and things, including tapes and disks, containing portions of confidential information, extracts therefrom, or summaries thereof.

      3.      Nothing in this Stipulated Protective Order shall be deemed a waiver by any party of its, his or her right to challenge the designation of any documents or information as confidential.  A party may, upon duly noticed motion, challenge the treatment of particular documents or information as confidential or seek relief from or modification of this Protective Order.  Where a party makes an objection within the provisions of this Protective Order, no use or disclosure of the information designated as confidential other than in accordance with this Protective Order shall be made until the objection is finally determined by a court.

      4.      Nothing in this Stipulated Protective Order shall be deemed a waiver by any party of a right to object to providing discovery on the grounds that the information sought contains confidential or proprietary information.  The decision to produce any such information under this Stipulated Protective Order shall be at the sole discretion of the producing party.

      5.      Any document to be designated confidential hereunder shall be so designated at the time of production by either noting on the front of each one-page document and on each page for each multi-page document the legend "Confidential" or by designating documents as "Confidential" in writing and identifying the documents by batestamp number or by adequately describing the document.  Any non-documentary

information to be designated confidential hereunder, that is provided in written form, shall likewise be noted with the legend "Confidential." Any document or written non-documentary information so designated shall be accorded the confidential treatment provided in this Protective Order.

6. Should any Confidential Information be used or elicited during the taking of any deposition, counsel may designate any testimony as confidential by so stating on the record in advance of such testimony or immediately following such testimony. Any deposition testimony so designated will be deemed Confidential Information and accorded the protection of this Protective Order.

7. Confidential Information shall be used solely for purposes of this litigation and access to Confidential Information is on a strict "need to know" basis and is restricted to the following persons:

a. Counsel of record in this litigation, and their partners, associates, employees, independent contractors, law clerks and other assistants who are actually working on the above-captioned litigation;

b. Experts and consultants actually retained or employed to consult with, advise or assist counsel in the preparation or trial of the above-captioned litigation, provided that any such expert or consultant shall first agree in writing to abide by the terms of this Protective Order;

c. The parties, provided they shall first agree in writing to abide by the terms of this Protective Order, and then only to such persons who have a need to know and who agree not to circulate or communicate the information to third parties;

        d.      Any fact witness whom the parties intend to call at trial, provided that the witness shall first agree in writing to abide by the terms of this Protective Order, or, at a minimum, orally agree not to disclose Confidential Information to third parties; provided that if the witness does not agree, then in such case, the party seeking to show Confidential Information to a fact witness will promptly notify the other party of same so that it may move the Court for an order that such witness not disclose Confidential Information to third parties, which motion will be joined or assented to by both parties;

        e.      This Court, in connection with any trial, hearing, motion, or other proceeding in this action, including presentation to witnesses in open court; provided, however, that the party seeking to use the Confidential Information shall make reasonable efforts to provide sufficient notice to allow any party to request that Confidential Information be impounded by the Court, pursuant to the Uniform Rules of Impoundment Procedure, or to seek a further or other order from the Court; and

        f.      Deponents, provided that the deponent shall first agree in writing to abide by the terms of this Protective Order or, at a minimum, orally agree not to disclose Confidential Information to third parties; provided that if the deponent does not agree, then either party may move the Court for an order that such deponent not disclose such Confidential Information and the other party will join or assent to such motion.

        8.      Disclosure or use of Confidential Information is prohibited except as provided in this Protective Order unless written consent from the party or parties who designated the information as confidential or authorization of the court is obtained prior to such disclosure or use.

9. All persons having access to Confidential Information made available pursuant to this agreement shall agree not to make any use of said Confidential Information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said Confidential Information to any person not previously authorized by the terms herein.

10. Counsel shall be responsible for limiting distribution of the Confidential Information only to those persons who both (1) have a need to know the information for purposes of this litigation and (2) are authorized to receive the information under this Protective Order.

11. All copies of Confidential Information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

12. Upon the final termination of this action, and upon written request, counsel (1) shall forward to opposing counsel all Confidential Information, deposition testimony designated as Confidential Information as provided hereunder, or any extract, summary or copy of the same, or (2) shall destroy all such Confidential Information. Counsel is responsible under the provisions of this paragraph for the return of any Confidential Information given to any person identified in paragraph 7. However, counsel may retain <u>one</u> copy of all pleadings or other documents filed or served in this action and counsel may retain attorney work product concerning Confidential Information; provided, however, that any such retained materials shall be maintained in accordance with the provisions of this Stipulated Protective Order.

13. The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

14. By executing this Protective Order, counsel for the parties certify that prior to the disclosure of any Confidential Information to any of the persons listed in paragraph 7(b)-(d) and (f), the proposed recipient of the information will be first provided a copy of this Protective Order and required to execute a verification in the form attached hereto as Exhibit "A."

15. Any violation of the terms of this Protective Order may subject the violator to sanctions as determined by the court.

16. Nothing is this Protective Order shall limit any party from using or disclosing its own documents or information which that party has designated as confidential hereunder as that party sees fit; provided, however, that nothing in this provision shall prevent any party from challenging the confidentiality of documents produced herein on any appropriate grounds including, any conduct of the parties with respect to the confidential treatment of the document (except that no party may challenge the confidentiality of documents on the basis that they were produced pursuant to this Protective Order).

17. The parties to this Protective Order agree that it shall be in full force and effect and shall be binding upon them as of the date written below.

**IT IS SO STIPULATED THIS 4th DAY OF April , 2007.**

LISA RICCOBENE

By her attorney,

*/s/ Mitchell J. Notis*
_____
Mitchell J. Notis (BBO# 374360)
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
617-566-2700

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
and ANNE MCCALL,

By their attorneys,

*/s/ Jeffrey A. Dretler*
_____
Walter B. Prince (BBO# 406640)
Jeffrey A. Dretler (BBO#558953)
Joseph L. Edwards, Jr. (BBO# 564288)
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge Street, 22nd Floor
Boston, MA 02114
617-456-8000


**Dated:**


**SO ORDERED.**


_____
United States District Judge