UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA RICCOBENE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASSACHUSETTS BAY )<br>TRANSPORTATION AUTHORITY, )<br>and ANNE McCALL, )<br>)<br>Defendants. )<br>) | C.A. No. 04-10256 PBS |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, the Defendants, Massachusetts Bay Transportation Authority ("MBTA") and Anne McCall ("Deputy McCall") (collectively, "Defendants"), hereby move for summary judgment in their favor on all counts of the Plaintiff, Lisa Riccobene's ("Plaintiff"), Complaint. As reasons therefore, the Defendants state as follows.

The Plaintiff was employed as a civilian Executive Assistant to former MBTA Police Chief Thomas O'Loughlin, from March, 2001 through November, 2002. The Plaintiff alleges that during the course of her employment she was subjected to a litany of derogatory communications and conduct motivated by her sex and her national origin (Italian) and that her employment was terminated in retaliation for her support of civil rights claims made against the MBTA by former Officer Helder Peixoto. The Plaintiff claims that these same actions constituted violations of federal and state civil rights laws. The Plaintiff also claims entitlement to approximately 600 hours worth of overtime compensation.

200670.1

The Plaintiff's discrimination claims (Counts I through IV) cannot stand as she admits that, except for one single incident, her basis for believing that the Defendants were responsible for any of the incidents about which she complains, or that the incidents were motivated by her sex or national origin, is based on nothing but pure speculation. The one single comment that she alleges to have heard Deputy McCall make is insufficient, even if true, to constitute a hostile work environment as a matter of law. See <u>Quinones v. Houser Buick</u>, 436 F.3d 284, 290-291 (1st Cir. 2006) (speculative allegations are in admissible to defeat summary judgment); <u>Ramsdell v. Western Mass. Bus Lines, Inc</u>., 415 Mass. 673, 678-79 (1993) (conduct must be severe and pervasive enough to alter terms and conditions of employment).

The Plaintiff's retaliation claims (Counts V and VI) cannot stand as the evidence demonstrates that the Plaintiff did not engage in any protected activity and, even if she did, cannot establish a causal nexus between any protected activity and her inclusion in the layoff where she was laid off as part of a reduction in force impacting the entire MBTA and cannot point to any decisionmaker that bore her retaliatory animus. <u>Galvao v. The Gillete Co.</u>, 1997 U.S. App. Lexis 21255, *8-9 (1st Cir. 1997); <u>Mole v. University of Mass</u>., 442 Mass. 582, 591-592 (2004). The Plaintiff's claims against Deputy McCall, individually, for discrimination (Count IV) and for retaliation (Count VI) must fail for the additional reason that Title VII does not impose individual liability. <u>See</u>, <u>e.g</u>., <u>Healy v. Henderson</u>, 275 F. Supp. 2d 40, 45 (D. Mass. 2003)

The Plaintiff's claim for violation of Mass. Gen. Laws c. 12, § 11I (Count VII) against Deputy McCall must fail as her claim is preempted by Chapter 151B, she has no secured right in her at-will employment, and she has no evidence of any threats, intimidation or coercion by Deputy McCall. Similarly, the Plaintiff's Section 1983 claim (Count VIII) against Deputy

200670.1

McCall must fail as the only admissible evidence against Deputy McCall is one alleged instance of name calling that is insufficient to constitute any deprivation of a Constitutional right which, even if it occurred, was not done under color of law.

Finally, the Plaintiff's claim for overtime compensation (Count IX) is barred as the Plaintiff admits to having received and used all of the compensatory time that she earned pursuant to MBTA policy, which policy is in compliance with state and federal overtime laws allowing state agencies to offer compensatory time in lieu of overtime pay. 42 U.S.C. § 207(o); 29 C.F.R. § 553.23.  <u>MBTA v. MBTA Retirement Board</u>, 397 Mass. 734, 737 (1986).

In further support of this motion, the Defendants rely on Defendants' Memorandum in Support of Their Motion for Summary Judgment and Defendants' Rule 56.1 Statement of Undisputed Material Facts ("SUMF"), both of which are filed herewith.

WHEREFORE, the Defendants, Massachusetts Bay Transportation Authority and Anne McCall request that this Court enter judgment in their favor and against the Plaintiff, Lisa Riccobene, on all counts of the Complaint.

        Respectfully submitted,

        MASSACHUSETTS BAY TRANSPORTATION
        AUTHORITY and ANNE McCALL,

        By their Attorneys,

        */s/ Jeffrey A. Dretler*
        _____
        Walter B. Prince (BBO #406640)
        Jeffrey A. Dretler (BBO #558953)
        Prince, Lobel, Glovsky & Tye LLP
        100 Cambridge Street, Suite 2200
        Boston, MA  02114
        (617) 456-8000